UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 07-365-DLB

BRENDA K. CREECH                                                                                      PLAINTIFF

vs.                                        **MEMORANDUM ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                              DEFENDANT

* * * * * * * * * * * * *

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Doc. #10), Defendant's Motion for Summary Judgment (Doc. #11), and the Report and Recommendation (R&R) of the Magistrate Judge (Doc. #14).

Plaintiff brought this action under 42 U.S.C. § 405(g) to challenge Defendant's final decision to deny Plaintiff's application for a period of disability and disability insurance benefits. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b).

Plaintiff had filed a prior application for period of disability and disability insurance benefits, which application was denied in a February 25, 2004, decision by Administrative Law Judge (ALJ) Ivar Avots. Citing *Drummond v. Commissioner of Social Security,* 126 F.3d 837 (6th Cir. 1997) and *Dennard v. Secretary of Health & Human Services,* 907 F.2d 598 (6th Cir. 1990) (per curiam), and finding that a departure from the residual functional capacity (RFC) established in conjunction with Plaintiff's prior application was not warranted, ALJ Donald Rising, in his written decision of December 21, 2005, adopted ALJ

Avots's prior RFC findings, found Plaintiff was not disabled, and denied Plaintiff's second application for benefits.

On May 28, 2008, the Magistrate Judge filed his R&R, concluding that ALJ Rising's decision to deny Plaintiff's second application for benefits is supported by substantial evidence. On June 6, 2008, Plaintiff filed her Objections to the Magistrate Judge's R&R. (Doc. #15). This Court must make a *de novo* determination of those portions of the Magistrate Judge's R&R to which objection is made. *See* 28 U.S.C. § 636(b)(1)(c). The Court has considered Plaintiff's Objections as discussed herein this Memorandum order, and concludes that they are without merit and should therefore be overruled.

Plaintiff presents four objections to the Magistrate Judge's findings and conclusions. First, she submits that the Magistrate Judge incorrectly interprets the focus of her position with respect to the time period at issue. Indeed, the record is a bit confusing in conveying whether claimant desires to *reopen* the previously adjudicated claim based on a "new and material" evidence standard, given that her second application filed before her present counsel's involvement alleges a September 25, 2001, date of onset, or whether claimant is offering new and material evidence to illustrate that she should not be bound by ALJ Avots's prior RFC findings for the period *subsequent* to that February 25, 2004, decision because she has shown changed circumstances. The first objection is directed at this confusion surrounding the period for which benefits is sought.

Plaintiff acknowledges in her Objections that res judicata applies to her claim for the previously adjudicated period (September, 2001 through February 25, 2004), though incorrectly asserts that *Drummond v. Commissioner of Social Security,* 126 F.3d 837 (6th Cir. 1997) is not applicable. *Drummond* states that subsequent ALJs are bound by the

findings of previous ALJs absent "changed circumstances." *Id.* at 842. This effectively means that a claimant is precluded from having a different ALJ, at a later date, come to a contrary conclusion with the same facts; for a claimant to negate application of the ALJ's ruling to a later benefit application period, she must show changed circumstances. The "new and material evidence" language from ALJ Rising's decision may have created confusion between what Plaintiff intended to argue and what the Magistrate Judge interpreted as the Plaintiff's position advanced before ALJ Rising.[1] Regardless, in the end the Magistrate's analysis in the R&R is entirely appropriate.

Plaintiff's Motion for Summary Judgment and her Objections to the R&R lay out the medical information obtained subsequent to February of 2004. Effectively, claimant in her original motion acquiesces that *Drummond* would apply, but argues that there are changed circumstances since ALJ Avots's decision, such that *Drummond* is not controlling as to the subsequent period. The Magistrate's R&R correctly examines these issues in the context of *Drummond;* the R&R goes to the heart of the evidence raised by Plaintiff – that being "changed circumstances." As a result, this objection directed to the Magistrate Judge's focus and legal standard he applied will be overruled.

Plaintiff next submits that the Magistrate Judge incorrectly determined that new medical evidence of fibromyalgia was not material. This issue was thoroughly examined in the R&R's over four pages of discussion and analysis, including relevant Sixth Circuit

---

[1] In her summary judgment motion, Plaintiff, now represented by counsel, accepts ALJ Rising's conclusion that reopening her prior application was not warranted, but her second application did in fact allege an onset of disability of September 25, 2001, the same date asserted in her first application. So while she now limits the period under consideration as that beginning the day following ALJ Avots's decision (*see* Doc. #10, p. 2), this was not her position before ALJ Rising.

case law holding that a diagnosis of fibromyalgia often will not entitle a claimant to disability benefits. *See Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988); *Vance v. Comm'r of Soc. Sec.,* 260 Fed. Appx. 801, 806 (6th Cir. 2008). The R&R provides several reasons on why this evidence is not material, including credibility issues associated with the medical records and Plaintiff's testimony, and why the findings of the ALJ on this point are supported by substantial evidence. An ALJ's findings on credibility are accorded great weight and deference. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). Both ALJ Rising's decision and the R&R cite numerous inconsistencies that cast doubt on credibility. Most important, the Magistrate Judge notes that some of the medical evidence submitted actually contradicts itself and lacks any substantiation of any actual changes in functional limitation, key to establishing changed circumstances. Thus, the ALJ's finding in this regard is supported by substantial evidence and was adequately considered by the Magistrate.

Next Plaintiff objects to the rejection of her treating physician's opinion on her ability to work. This issue was also thoroughly examined in the R&R. Both the R&R and ALJ Rising's decision discount the analysis of primary care physician Hays, because of his often contradictory, broad, and conclusory statements about Plaintiff's ability to return to work and her limitations. Both also emphasize that such conclusory statements, particularly those that are more in the nature of a disability interpretation than actual medical opinion, should not be given "any special significance." *See Vance v. Comm'r of Soc. Sec.,* 880 Fed. Appx. 801, 805 (6th Cir. 2008). ALJ Rising notes the contradictions and that Dr. Hays's "opinions are not consistent with the objective record as a whole." (Tr. 19).

The opinion of the treating physician is only controlling when it is "well-supported by medically acceptable evidence in [the] case record" and not inconsistent with or

-4-

contradicted by other record medical evidence. *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004). The ALJ listed several reasons why he was discounting the opinion of Dr. Hays. Claimant is correct that the state agency non-examining physician did not have an opportunity to review the entire record. However, ALJ Rising does not rely on that physician to rebut the assertions of Dr. Hays. Instead, he relies on the entire medical record, including Dr. Hays' own records. (Tr. 19). Accordingly, this objection will also be overruled.

Finally, Plaintiff contends that the procedural safeguards prescribed by *Wilson v. Commissioner of Social Security* were not met by the ALJ and not thoroughly examined in the R&R. But as discussed above, ALJ Rising delineates the "good reasons" why he did not give controlling weight to the opinion of the treating physician, as is required by *Wilson.* Specifically, the ALJ noted that Dr. Hays' report contained no specific opinions directed to Plaintiff's functional limitations besides restating Plaintiff's general self-report. (Tr. 18). The inconsistent and conclusory statements made by Dr. Hays, as pointed out by ALJ Rising, are the "good reasons" needed to discount his testimony. Thus, the ALJ has complied with the requirements of *Wilson,* and the Magistrate Judge's R&R explains this. Therefore, this objection will also be overruled.

In conclusion, having considered Plaintiff's objections and having made a *de novo* determination, the Court **ORDERS** that:

(1) Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. #15) are hereby **overruled;**

(2) The Report and Recommendation of the Magistrate Judge (Doc. #14) is hereby **adopted** as the Opinion of this Court;

(3) Defendant's Motion for Summary Judgment (Doc. #11) is hereby **granted;**

(4) Plaintiff's Motion for Summary Judgment (Doc. #10) is hereby **denied;** and,

(5) Judgment in favor of Defendant will be entered contemporaneously herewith.

This 17th day of September, 2008.

Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\Orders\6-07-365-OrderAdoptingR&R-Objections.wpd